JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| VOTON INTERNATIONAL INVESTMENT, | Case No. CV 16-591 MWF (SS) |
|---|---|
| Plaintiff, | **ORDER SUMMARILY REMANDING** |
| v. | **IMPROPERLY-REMOVED ACTION** |
| MARCO ANTONIO REYES, et al., | |
| Defendants. | |

The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

On January 27, 2016, Defendants Marco Antonio Reyes and Antonio Moraza, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented applications to proceed in forma pauperis. The Court has denied the latter applications under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, this action could not have been originally filed in federal court because the complaint does not competently allege facts supporting either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a), see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Defendant's notice of removal asserts that "[f]ederal question [jurisdiction] exists because Defendant[s'] Answer . . . depend[s] on the determination of Defendant[s'] rights and Plaintiff's duties under federal law." (Notice at 2). These allegations are inadequate to confer federal question jurisdiction. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Los Angeles, 12720 Norwalk Blvd., Norwalk, California, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: February 5, 2016

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE